## THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**DEDRICK BRIGANCE**
**ADC #186279**                                                                                    **PLAINTIFF**

**v.**                                    **Case No. 4:23-cv-00927-KGB-ERE**

**DOE,** *et al.*                                                                              **DEFENDANTS**

## ORDER

Before the Court are defendants Matthew Cobb, Jaketha Lattimore, and Cigi Scott's motion for summary judgment (Dkt. No. 77) and United States Magistrate Judge Edie R. Ervin's Recommended Disposition ("Recommendation") (Dkt. No. 87). Plaintiff Dedrick Brigance responded to defendants' motion for summary judgment (Dkt. No. 85) and defendants replied (Dkt. No. 86). Brigance also filed objections to the Recommendation (Dkt. No. 88)

After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 87). The Court overrules Brigance's objections.

The Court has reviewed all of Brigance's objections. His objections do not break new ground or rebut the Recommendation. The Court writes specifically to address a few of his objections.

As to Cobb, Brigance argues that: (1) Cobb's actions were motivated by Brigance's prior grievance, (2) *Kinglsey v. Hendrickson*, 801 F.3d 828 (7th Cir. 2015), supports his claims; (3) Brigance suffered a permanent marking on his head; and (4) Cobb's history of violence shows that he used excessive force (Dkt. No. 88, at 1–3). As discussed in the Recommendation, the video recording clearly shows Brigance acting in an aggressive manner, refusing to comply with orders,

and eventually being taken down in both incidents by multiple officers.  A reasonable jury could not find that Brigance's prior grievances against Cobb were the "but-for cause" of Cobb's use of force against Brigance in this instance, given Brigance's refusal to comply with orders and resistance while being handcuffed and transported to a different cell.  *Graham v. Barnette*, 5 F.4th 872, 889 (8th Cir. 2021) (applying the but-for causation standard to a retaliatory motive claim).

In *Kinglsey*, the United States Court of Appeals for the Seventh Circuit stated that "the Supreme Court vacated our decision and held 'that a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable' and that no showing regarding the defendant's state of mind is required," and that the Supreme Court remanded the case for proceedings consistent with that holding.  801 F.3d at 830 (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015))  The holding in *Kinglsey* supports the Recommendation in this case. *Id.  As* discussed in the Recommendation, no reasonable jury could find that Cobb acted objectively unreasonable in his use of force against Brigance in this instance when Brigance refused to comply, acted aggressively, and resisted the officers (Dkt. No. 87, at 11).  Similarly, the fact that Brigance suffered a marking on his head during the struggle with the officers—which was seen shortly thereafter and treated—does not make Cobb's actions objectively unreasonable.

While Brigance does provide evidence that Cobb was suspended for violating the Pulaski County Sheriff's Office ("PCSO") standards of conduct prior to this incident and that Cobb was terminated from PSCO as a result of an incident with a different inmate after this incident, neither of those situations arose directly from this incident and neither are likely relevant to nor particularly probative of whether Cobb's use of force was objectively unreasonable in this instance.  *See* Fed. R. Evid. 404 (prohibiting propensity evidence); *Henthorn v. Capitol Communs., Inc.*, 359 F.3d 1021, 1026 (8th Cir. 2004) (only admissible evidence may be used to defeat a motion

for summary judgment).  Brigance's objections as to Cobb, therefore, are overruled.

As to Lattimore, Brigance's argument that Lattimore put her knee against Brigance's neck is contradicted by the record, so that no reasonable jury could believe Brigance's version since the video clearly shows Lattimore placing her knee on Brigance's back to restrain him so that officers could put handcuffs on him (Dkt. No. 87, at 10, 12).  Brigance's objections as to Lattimore, therefore, are overruled.

As to Scott, Brigance's argument that Scott was present for the second incident and heard him tell Cobb to stop using unnecessary violence against him is again blatantly contradicted by the record (*Id.*, at 10).  The video shows Scott arriving on the scene after both incidents had occurred and after Brigance was sitting upright in a cell between two officers (*Id.*, at 14–15).

To the extent Brigance argues that Scott is liable for failing to protect him against Cobb because of Cobb's prior suspension, that argument also fails.  Brigance has failed to "clear [the] substantial evidentiary threshold" to show that Scott acted with deliberate indifference given the evidentiary record before the Court at this stage.  *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019).  First, Brigance has failed to show, or even allege, that Scott subjectively knew of Cobb's suspension or that Scott subjectively inferred that allowing Cobb to be present at the scene posed a serious risk of harm.  *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010).  Second, as just discussed, based on the record evidence before the Court at this stage no reasonable jury could find that Lattimore or Cobb acted in an objectively unreasonable way.  Thus, no reasonable jury could find that Brigance suffered an "objectively, sufficiently serious deprivation" such that Scott is liable for failing to protect Brigance.  *Id.*  Brigance's objections as to Scott, therefore, are overruled.

For the foregoing reasons, the Court adopts the Recommendation in its entirety as this

Court's findings in all respects (Dkt. No. 87). Defendants' motion for summary judgment is granted (Dkt. No. 77). Brigance's request for relief is denied and his claims are dismissed with prejudice.

It is so ordered this 5th day of March, 2026.

_____
Kristine G. Baker
Chief United States District Judge

4